United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORY HAZDOVAC,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC,

Defendant.

Case No. 20-cv-00377-RS

**ORDER GRANTING LEAVE TO AMEND COMPLAINT**

## I. INTRODUCTION

This motion concerns an attempt to broaden a putative class action. The suit avers violations of the California emissions code by Mercedes-Benz USA. Under the California Code of Regulations ("CCR") automobile manufacturers must include certain "high-priced emissions-related" parts in a 7 year/70,000-mile warranty. Plaintiff Cory Hazdovac replaced several parts in her Mercedes. She asserts the parts are both high-priced and emissions-related, but Mercedes misclassified them, using the wrong standards in each instance. Originally, she framed her lawsuit as covering all parts that were misclassified. In response to a motion to dismiss, Hazdovac amended her complaint to focus on the parts she bought, but still sought an injunction requiring Mercedes to identify and cover "all other parts" which should have been covered. First Amended Complaint ("FAC"), Dkt. No. 22, at 1–2. The FAC also noted the California Emissions System Warranties applied to customers in other states, so Hazdovac might seek to expand the classes to cover those states as well. Hazdovac now seeks to expand her suit to cover all parts Mercedes should have covered, in all states in which the warranties apply. The deadline to amend without

United States District Court
Northern District of California

leave has passed, but Hazdovac has shown good cause. For the reasons further set out below, leave to amend is granted.

**II. BACKGROUND**

The CCR requires that emissions-related parts must have a 5 year/50,000-mile warranty, and if they are high priced, a more generous 7 year/70,000-mile warranty. To determine whether a part is high priced, a formula is used based on the part's replacement cost. For instance, for model year 2020 vehicles, the part must cost at least $640. Manufacturers submit lists of parts to the California Air Resources Board ("CARB"), which then approves or modifies them. The manufacturers give the warranties to purchasers. Hazdovac avers Mercedes uses prices quoted to dealers, not consumers as she says the law requires, so Mercedes misclassifies parts as not being high priced. She also claims Mercedes uses the wrong standard for determining whether a part is emissions related, as explained further below.

A previous motion to dismiss was denied because the Complaint adequately alleged the parts were high priced and contained a plausible claim that the parts were emissions related. The order characterized Hazdovac's claims as potentially stretching the definition of "emissions related" to cover every part. Hazdovac's theory depended on the supposition that in the event any of the three identified parts failed, a chain reaction would result leading to engine overheating, parts breaking, and needless combustion. In a similar vein, Hazdovac argued that if any part's failure caused the check engine light to illuminate, it would be emissions related (in a footnote, the order suggested this proposition was not supported by the statute.)

Hazdovac seeks two amendments. First, new averments that Mercedes used the wrong standards for parts other than the three parts she bought. Second, averments adding new classes. Mercedes' warranty promised that purchasers in other states would be covered by the California Emissions Warranty, so Hazdovac seeks to obtain relief for those purchasers as well.

In discovery, Hazdovac obtained a declaration from CARB. CARB declares a "warranted part" under the California Emissions Warranty is "any components that can or are required to illuminate the [check engine] light in the event of a malfunction, even if the primary function of

United States District Court
Northern District of California

the component is not emissions control." CCR 13 § 2037 (b)(2). A specific type of warranted part is an emissions-related part, as defined in the CCR. 13 § 1900 (b)(3). Hazdovac interprets this to mean CARB supports her position that anything which causes the check engine light to turn on is an emissions-related part. CARB's declaration also appears to support her contention that the correct cost for determining high-priced status is the cost of parts and labor charged to a consumer, not to the manufacturer. Mercedes' representative testified it uses the amount manufacturers pay to get cars repaired under warranty, an amount lower than the amount customers pay. Thus, the proposed averments adequately allege some parts are incorrectly designated as not high-priced.

## III. LEGAL STANDARD

To modify a scheduling order under Rule 16(b), "good cause" must be shown; this standard primarily considers the diligence of the party seeking the amendment. *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). If the moving party was not diligent, the inquiry should end. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). If good cause is found, amendment must still be shown to be proper under Rule 15.

The factors to consider in determining whether to grant leave to amend for Rule 15 are (i) undue delay; (ii) prejudice to the opposing party; (iii) futility of the amendment; (iv) bad faith; and (v) whether the moving party has previously amended its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Inferences should be drawn in favor of granting the motion. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The burden is on defendants as the nonmoving party to establish a basis for denying leave to amend. *See DCDprograms Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## IV. DISCUSSION

### A. Rule 16

The deadline for amending the complaint without leave of the court has passed, so

Hazdovac must satisfy Rule 16's good cause standard. Hazdovac does not address Rule 16 in her motion or reply; Mercedes argues that alone is reason to deny her motion. However, Hazdovac's arguments about good cause are clear, even if not framed explicitly as being about Rule 16. In short, Hazdovac believes she preserved her claims about other parts; she only seeks amendment now to make it exceedingly clear they are covered by this lawsuit.

Mercedes argues Hazdovac cannot assert claims she abandoned. Originally, Hazdovac asserted claims on behalf of all owners and lessees of any Mercedes vehicles for repairs that should have been covered. Hazdovac then amended her complaint in response to a motion to dismiss, limiting the case to the three parts she personally had to replace, in certain model years of C-class vehicles, the vehicle type she owns. Crucially, however, she maintained the request for injunctive relief requiring Mercedes to identify all other parts that should have been covered. This action therefore has always included a component relating to Mercedes systematically misclassifying parts beyond the three she owns. Even accepting Mercedes' argument that the lawsuit has narrowed, Hazdovac was sufficiently diligent in complying with the scheduling order. She promptly conducted discovery and sought amendment in adequate time. Mercedes' insistence that Hazdovac cannot assert allegations she knew about but chose not to pursue seems inconsistent with its claim that Hazdovac abandoned those claims. In any event, Hazdovac has preserved these claims throughout the litigation.

**B. Rule 15**

The standard for amendment under Rule 15 is one of "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The factors that must be considered include bad faith, undue delay, prejudice, and futility. There is a presumption in favor of granting leave to amend unless there is prejudice or a strong showing of the other factors. Mercedes does not argue Hazdovac brings this motion in bad faith. It also does not discuss undue delay in precisely those terms, arguing instead that Hazdovac cannot re-assert allegations she abandoned or knew about before, already discussed above. For her part, as to undue delay, Hazdovac points out she filed the motion shortly after receiving the transcript of Mercedes'

corporate designee, and that discovery is not yet over. Mercedes focuses on claims of prejudice and futility.

**1. Prejudice**

Mercedes says it will be prejudiced because it has proceeded on the understanding the case was limited to a few parts in one model, and that the proposed amendments would expand the case unfairly to one about all parts in all models. This argument is unconvincing. Hazdovac correctly points out that determining whether those three parts were incorrectly classified will turn on questions common to Mercedes' approach across all its parts. True, determining exactly which parts might come within the scope of this lawsuit might require additional discovery, which Hazdovac does not dispute. Mercedes, for example, argues it will need third-party discovery to determine whether the labor-cost data suppliers Hazdovac relies on are accurate. Yet the prospect of some additional discovery does not translate into unfair prejudice to the defendant. Mercedes separately argues it will be prejudiced because the case will become unmanageable. While the action may become larger, more complicated, and take longer, that does not amount to unfair prejudice to Mercedes.

**2. Futility**

The question of futility in this context is not whether or not a claim will ultimately succeed, but rather whether or not the claim makes out a cognizable violation of law. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 1293 (9th Cir. 1983). Hazdovac's claims satisfy that inquiry. Thus, Mercedes' arguments about standing need not be discussed in detail. Suffice it to say Hazdovac proposes a class action, so she need not own every Mercedes vehicle type.

Mercedes' arguments about whether Hazdovac can bring California Unfair Competition Law and Consumers Legal Remedies Act claims on behalf of non-California putative class members do not clear the high bar of demonstrating futility. Mercedes relies on *Mazza* to argue class members' consumer protection claims should be governed by the consumer protection laws of the jurisdiction in which the transaction took place, and that the nexus between California and

United States District Court
Northern District of California

the out-of-state residents is even weaker here than in *Mazza*. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012). Hazdovac distinguishes *Mazza* because Mercedes explicitly used the California Warranty for other states. This is a disputed legal question which is inappropriate to screen out on futility grounds.

Mercedes also argues the classes are futile because they are failsafe classes. The classes here do not depend on establishing liability. The classes are clear: anyone who bought a misclassified part in the specified states. While the exact contours of the class depend on Mercedes' ultimate liability, that is true of many class actions. Just because it is not clear at the outset which parts may have been misclassified does not mean this lawsuit about the subject cannot proceed. True, the complaint frames the class as members whose repairs "should have been covered." But how else could Hazdovac frame this class? Hazdovac avers Mercedes is liable because it has not identified high-priced emissions parts; it is nonsensical to allow Mercedes to then escape liability because the parts have not been identified. Nor is there any issue of unmanageability: class notice could simply be sent to all Mercedes purchasers within the warranty period.

Finally, Mercedes argues Hazdovac is improperly seeking reconsideration of a prior ruling. It points to the court's prior dismissal of the idea that anything triggering the check engine light illumination is an emissions related part. Mercedes argues this is law of the case and Hazdovac should be unable to argue otherwise, so her proposed amendment is futile. This one statement was dicta in a footnote, and does not constitute law of the case.

## V. CONCLUSION

In light of the foregoing, Hazdovac is granted leave to file the Second Amended Complaint, which she must do within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: January 13, 2022

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

ORDER GRANTING LEAVE TO AMEND
CASE NO. 20-cv-00377-RS

7