UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HAZDOVAC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES BENZ USA, LLC, and DOES MBUSA 1 through 10, inclusive,<br><br>Defendants. | Case No. 20-cv-00377-RS<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING**<br><br>Judge:   Hon. Richard Seeborg<br><br>Date:        December 4, 2025<br>Time:        1:30 p.m.<br>Crt. Rm:    3, 17th Floor |

WHEREAS, this matter has come before the Court pursuant to Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court has read and considered the Motion, the Settlement Agreement and the supporting documents; and,

WHEREAS, the Court finds that the proposed Settlement Class is likely to be certified for settlement purposes, and the Settlement is likely to be approved as fair, reasonable, and adequate. There are sufficient grounds to direct that notice of the Settlement be disseminated to the Proposed Settlement Class, and authorize the steps needed to determine whether the Settlement should be finally approved and the claims set forth in the Released Claims dismissed.

Accordingly, it is **HEREBY ORDERED** that:

**I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The proposed Settlement Agreement is preliminarily approved as likely to be finally approved under Federal Rule of Civil Procedure 23(e)(2). This determination is not a final finding that the Settlement is fair, reasonable, and adequate, but is instead a determination that good cause exists to distribute notice of the proposed Settlement and to stay the Class litigation.

2. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

    a.   Class Counsel have adequately represented the Settlement Class;

    b.   The Settlement Agreement was negotiated at arm's length over an extended period after significant fact discovery, motion practice, and extensive mediations had been completed;

    c.   The relief provisions included in the Settlement Agreement are adequate given the risks, delay, and uncertainty of continued litigation and trial;

    d.   The Settlement Agreement treats all proposed Settlement Class Members equitably relative to each other; and,

    e.   The scope of the Released Claims is consistent with the claims pled in the Third Amended Class Action Complaint.

///

## II. THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

3. The Court certifies the following Class for settlement purposes only (the "Settlement Class"): All Persons, in Section 177 States, who purchased or leased Mercedes-Benz vehicles between model year 2015 and the present that are covered by an HPP Warranty.

4. Excluded from the Class are: 1) Persons who have settled with, released, or otherwise had claims adjudicated on the merits for or against Defendant or any Releasee that are substantially similar to the Litigation Claims (i.e., alleging that that Defendant or the Releasee did not identify the Subject Parts as "high-cost emissions warranty parts" under California's emissions warranty requirements and covered under the HPP Warranty); 2) Defendant and its officers, directors, and employees, as well as their corporate affiliates and the corporate affiliates' officers, directors, and employees; 3) Counsel to any of the Parties; 3) Judge Richard Seeborg, any district court or appellate judge later assigned to this matter, the Mediator, and members of their respective immediate families; 4) Governmental entities; and, 5) Persons who properly elect to be excluded from the Settlement Class.

5. The Court finds, for settlement purposes only, that the Class meets all the applicable requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), and hereby provisionally certifies the Class for settlement purposes only. The Court preliminarily finds, in the specific context of this Settlement Agreement, that:

    a. The number of Settlement Class Members is so numerous that their joinder in one lawsuit would be impractical;

    b. There are questions of law or fact common to the Settlement Class, including whether the Subject Parts are high-priced emissions parts entitled to coverage under the California Emissions Warranty;

    c. The common questions predominate over any questions affecting only individual Proposed Settlement Class members for purposes of the Settlement. The predominance test is satisfied here, as the predominating common issue, given the settlement context, is whether the Subject Parts should be covered under the HPP Emissions Warranty. As the Ninth Circuit has held, "predominance is easier to satisfy in the settlement context." *Jabbari v. Farmer*, 965 F.3d

1001, 1006 (9th Cir. 2020); *see also Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 304 n. 29 (3d Cir. 2011) (*en banc*) (courts are "more inclined to find the predominance test met in the settlement context") (internal quotation marks and alteration omitted). That is because "[s]ettlement may 'obviate the need to litigate individual issues that would make a trial unmanageable,' making common questions more important in the relative analysis." *Jabbari*, 965 F.3d at 1005-06 (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019));

    d.    The claims of the Class Representative are typical of the claims of the Proposed Settlement Class Members she seeks to represent;

    e.    The Class Representative and her counsel have fairly and adequately represented and protected the interests of the Proposed Settlement Class. The Class Representative's interests are aligned with, and not in conflict with, those of Proposed Settlement Class Members. The record reflects that the Class Representative has dedicated substantial time and effort to this litigation by working with her counsel; reviewing pleadings; responding to discovery; searching for, collecting, and producing documents; and preparing for and sitting for deposition, among other things;

    f.    A class action is superior to all other available methods for fairly and efficiently resolving this action, and,

    g.    The Court finds, for reasons stated in the Motion, that the Class Representative should be conditionally appointed to represent the Proposed Settlement Class. The Court further finds that Jordan L. Lurie and Ari Y. Basser of Pomerantz LLP, counsel for the Class Representative, have fairly and adequately represented, and continue to so represent, the interests of the Proposed Settlement Class in all regards, including for settlement purposes and hereby appoints them as counsel for the Settlement Class.

### III. SETTLEMENT ADMINISTRATION AND NOTICE TO SETTLEMENT CLASS MEMBERS

6.    The Court approves the proposed notice plan, including the form, method, and content of the proposed Notices, which are written in plain language, are easy to comprehend,

1  and comply with the requirements of the Due Process Clause of the United States Constitution,
2  Rule 23, and any other applicable law.

3      7.    The Court hereby appoints EisnerAmper to be the Settlement Administrator
4  pursuant to the terms of the Settlement Agreement. Responsibilities of the Settlement
5  Administrator are detailed in the Settlement Agreement.

6      8.    The settlement administration, including implementing the notice plan, processing
7  of Claim forms, making payments, and any other related tasks assigned to the Settlement
8  Administrator under the Settlement Agreement or as this Court may order, shall be the
9  responsibility of the Settlement Administrator, subject to the oversight of Class Counsel and this
10 Court as described in the Settlement Agreements.

11     9.    The Department of Motor Vehicles for the 50 States and all Unites States
12 territories and/or possessions, including the Department of Motor Vehicles for California, are
13 ordered to provide approval to S&P Global, which licenses state motor vehicle data through its
14 R. L. Polk & Co. ("Polk") entity, to release the names and addresses of owners of the vehicles
15 associated with the titles of the VINS at issue in this Action for the purposes of disseminating the
16 Class Notice to Class Members.

17     10.    Polk is ordered to license, pursuant to the agreement between Polk and
18 EisnerAmper, the owner contact information solely for the use of providing the Class Notice in
19 this Action and for no other purpose.

20     11.    The Parties are authorized to obtain the names, mailing addresses, and contact
21 information of Class Members from Polk.

22 **IV.    REQUEST FOR EXCLUSION FROM THE CLASS AND OBJECTIONS**

23     12.    Proposed Settlement Class Members falling within the definition of the
24 Settlement Class may exclude themselves from the Settlement by notifying the Settlement
25 Administrator of their intent to opt out not later than forty-five (45) days after the Notice Date.
26 Such notice must be made in writing and contain (1) the Person's name; (2) his or her current
27 address and telephone number; (3) his or her Subject Vehicle Identification Number and the
28 dates of ownership or lease for such Subject Vehicle; (4) a dated, handwritten signature; and (5)

a written statement that such Person has reviewed the Class Notice and wishes to be excluded from the Settlement.

13. Any Proposed Settlement Class Member who has submitted a valid request to opt out will not participate in or be bound by the Settlement or the Final Order and Judgment and may not file an objection.  Any Proposed Settlement Class Member falling within the definition of the Proposed Settlement Class who does not complete and submit a valid request to opt out in the manner and by the deadline specified above will automatically become a Settlement Class Member and be bound by all terms and conditions of the Settlement and the Final Order and Judgment entered by the Court, including the release of claims set forth in Section 6 of the Settlement. The Settlement Administrator will report the names of all Class Members who have submitted a request for exclusion to the Parties on a weekly basis, beginning thirty days after the Notice Date.

14. Any Proposed Settlement Class Member who intends to object to the Settlement must do so by filing the objection with, or mailing it to, the Court not later than forty-five (45) days after the Notice Date.  The objection must be in writing and include: (1) the case name and number, i.e., *Hazdovac v. Mercedes Benz USA, LLC*, Case No. 20-cv-00377-RS (N.D. Cal.); (2) the Settlement Class Member's full name, current address, and telephone number; (3) the relevant Subject Vehicle model year and Vehicle Identification Number associated with the vehicle giving rise to standing to make an objection, and the dates of ownership or leasing of said vehicle; (4) a statement that the objector has reviewed the Settlement Class definition and understands that he/she is a Settlement Class Member, and has not opted out and does not plan to opt out of the Settlement Class; (5) a complete statement of all legal and factual bases for any objection that the objector wishes to assert and whether the objection applies only to the objector, a part of the Settlement Class, or the entire Settlement Class; (6) copies of any documents the objector wishes to submit in support; (7) the name and address of the attorney(s), if any, who is representing the objecting Settlement Class Member in making the objection or who may be entitled to compensation in connection with the objection; (8) a statement of whether the Settlement Class Member objecting intends to appear at the final approval hearing for the

Settlement (the "Final Approval Hearing"), either with or without counsel; (9) the identity of all counsel (if any) who will appear on behalf of the Settlement Class Member objecting at the Final Approval Hearing, and all persons (if any) who will be called to testify in support of the objection; (10) a dated, handwritten signature of the Settlement Class Member objecting, in addition to the signature of any attorney representing the Settlement Class Member objecting in connection with the objection; (11) the date of the objection; (12) a list of all cases in which the Settlement Class Member and/or his or her counsel filed or in any way participated—financially or otherwise—in objecting to a class settlement during the preceding five years (and, if the Settlement Class Member or their counsel has not made any such prior objection, the Settlement Class Member will affirmatively so state in the written materials provided with the objection). Only Settlement Class Members may object to the Settlement. A Settlement Class Member who does not submit a written objection in the manner and by the deadline specified below will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. For mailing objections, the Court's address is as follows:

> Clerk of Court, Phillip Burton Federal Building and U.S. Courthouse
> Courtroom 3, 17th Floor
> 450 Golden Gate Ave.
> San Francisco, CA 94102,

## V.   FAIRNESS HEARING

15.   Pursuant to Rule 23(e)(2) and 28 U.S.C. § 1715(d), the Fairness Hearing will be held on the date and time set forth below, before the undersigned at the Phillip Burton Federal Building and U.S. Courthouse, Courtroom 3, 17th Floor, 450 Golden Gate Ave, San Francisco, CA 94102, for the purpose of finally determining whether: (a) the Proposed Settlement Class should be certified for settlement purposes under Federal Rule of Civil Procedure 23; the Settlement Agreement should receive final approval as fair, reasonable, adequate, and in the best interests of the Proposed Settlement Class in light of any objections presented by Proposed Settlement Class Members and the parties' responses to any such objections; (c) the application of Settlement Class Counsel for the payment of attorneys' fees and expenses and the payment of

a service award to the Class Representative is reasonable and should be approved; and, (d) the Court should enter final judgment and dismiss Proposed Settlement Class Members' claims, as provided in the Settlement Agreement.

16. On or before the dates set forth herein, Class Counsel shall file, and Defendant may file, with the Court any memoranda or other materials in support of final approval of the Settlement Agreement, and Class Counsel's fee and expense request.

17. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the settlement website.

## VI. ~~PROPOSED~~ FINAL APPROVAL HEARING SCHEDULE

18. The Court hereby establishes the following schedule, in accordance with the Parties' Settlement Agreement, which shall govern the settlement proceedings in this Action unless continued or otherwise modified by the Court:

| EVENT | DAYS AFTER PRELIMINARY APPROVAL ORDER |
|---|---|
| MBUSA shall serve or cause to be served the notice required by the Class Action Fairness Act, 28 U.S.C. | 10 |
| MBUSA to Provide List of VINs to Settlement Administrator | 30 |
| Dissemination of Class Notice ("Notice Date") | 100 |
| Deadline for Plaintiff's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Request for Plaintiff Service Award | 132 |
| Deadline for Class Members to Mail their Request to Exclude Themselves (Opt-Out) to Settlement Administrator | 145 (45 days after Notice Date) |
| Deadline for Class Members to File Objections | 145 (45 days after Notice Date) |
| Deadline for Settlement Administrator's Declaration of Due Diligence re: Notice, Opt-Outs, and Objections | 155 |
| Deadline for Settlement Class Members to Submit Reimbursement Claims for Qualified Repairs/Diagnoses Occurring on Or Before the Notice Date | 160 (60 days after Notice Date) Disseminated |
| Deadline for Motion for Final Approval; Deadline for Response to Objections and Requests for Exclusion; and | 182 (21 days before the hearing on final approval of the Settlement) |

| | |
|---|---|
| Deadline for Supplemental Memorandum (if any) in Support of Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Request for Plaintiff Service Award | |
| Deadline for Settlement Administrator's Supplemental Declaration (if any) | 193 (10 days before the Fairness Hearing) |
| Fairness hearing | 203 (June 25, 2026) at 1:30 PM |

## VII.  STAY OF LITIGATION

19.    Pending the Final Approval Hearing and the Court's decision whether to finally approve the Settlement Agreement, all proceedings in the Action, other than proceedings necessary to carry out or enforce the Settlement Agreement or this Order, are stayed and suspended, until further order from this Court.

20.    Pending the Final Approval Hearing and the Court's decision whether to finally approve the Settlement Agreement, no Class Representative or Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement.

## VIII.  CONFIDENTIALITY

21.    Any information received by the Settlement Administrator, or any other person in connection with the Settlement Agreement that pertains to personal information regarding a particular Settlement Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Class Counsel, MBUSA, MBUSA's Counsel, the Court, and as otherwise provided in the Settlement Agreement.

## IX.  OTHER PROVISIONS

22.    The deadlines set forth in this Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be included

1    on the settlement website [website]. Class Members should check the settlement website
2    regularly for updates and further details regarding extensions of these deadlines.

3        23.    Class Counsel and MBUSA's Counsel are hereby authorized to use all reasonable
4    procedures in connection with approval and administration of the Settlement Agreement that are
5    not materially inconsistent with this Order or the Settlement Agreement, including making,
6    without further approval of the Court, minor changes to the Settlement Agreement, to the form or
7    content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or
8    necessary.

9        24.    The Court shall maintain continuing jurisdiction over these settlement
10    proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**IT IS SO ORDERED.**

Dated: December 4, 2025

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE