# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HAZDOVAC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES BENZ USA, LLC, and DOES MBUSA 1 through 10, inclusive,<br><br>Defendants. | Case No. 20-cv-00377-RS<br><br>**[PROPOSED] MODIFIED ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES** |

WHEREAS, Cory Hazdovac ("Settlement Class Representative"), and Defendant Mercedes-Benz USA, LLC (collectively the "Parties"), entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") on July 7, 2025 (Dkt. 95), which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice.

WHEREAS, the Parties were granted preliminary approval of the Settlement, by Order dated December 5, 2025 ("Preliminary Approval Order") (Dkt. 125) ordering notice to Settlement Class Members and providing Settlement Class Members with an opportunity to submit claims for reimbursement benefits under the Settlement.

WHEREAS, in the Court's Preliminary Approval Order, the Settlement Class was also provisionally certified for settlement purposes only, finding that the Settlement Class met all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class. *Id*.

WHEREAS, on June 25, 2026, the Court held a Fairness Hearing to consider final approval of this Settlement, including approval of Plaintiff's Motion for an award of attorneys' fees, costs and incentives (Dkt. 129).

WHEREAS, the Court has considered Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Incentive Awards, supporting memoranda of points and authorities, the declarations submitted in support thereof, the argument of counsel, and the relevant papers on file;

WHEREAS, on the record are the Settlement Agreement, the record in this Action, including all papers filed in support of preliminary and final approval, and the Parties' arguments and authorities.

///

///

///

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.    All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise;

2.    The Court has jurisdiction over this Action and the Parties;

3.    The Notice Plan complied with the Preliminary Approval Order, (1) constitutes the best notice practicable under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of this action, their right to object to or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) fully satisfies the requirements of Federal Rule of Civil Procedure 23, 28 U.S.C. § 1715, the requirements of due process, the rules of the Court, and any other applicable law. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *Rodriguez v. West Publ'g Co.*, 563 F.3d 948, 962 (9th Cir. 2009). The Court finds that the Settlement Administrator properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4.    The findings of the Preliminary Approval Order are confirmed and, for purposes of the Settlement only, all requirements for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied: there are common questions of law and fact sufficient to satisfy Rule 23(a)(2); the claims of the proposed Settlement Class Representative are typical of the claims of the Settlement Class and therefore satisfy Rule 23(a)(3); Class Counsel and the Settlement Class Representative have fairly and adequately represented the interests of the Class and satisfied Rule 23(a)(4); and common questions predominate over individual questions and a class action is superior to other methods for adjudicating the case, and therefore the Settlement Class satisfies Rule 23(b)(3). *See Amchem*

[PROPOSED] MODIFIED ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES

*Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-57 (9th Cir. 2019).

5. The following Settlement Class is therefore certified: All Persons, in Section 177 States, who purchased or leased Mercedes-Benz vehicles between model year 2015 and the present that are covered by an HPP Warranty.

6. Excluded from the Settlement Class are: a) Persons who have settled with, released, or otherwise had claims adjudicated on the merits for or against Defendant or any Released Party that are substantially similar to the Litigation Claims (i.e., alleging that that Defendant or the Released Parties did not identify the Subject Parts as "high-cost emissions warranty parts" under California's emissions warranty requirements and covered under the HPP Warranty); b) Defendant and its officers, directors and employees, as well as their corporate affiliates and the corporate affiliates' officers, directors and employees; c) Counsel to any of the parties; d) Judge Richard Seeborg, any district court or appellate judge later assigned to this matter, the Mediator, and members of their respective immediate families; e) Governmental entities; and, f) Persons who properly elect to be excluded from the Settlement Class.

7. After considering the objections to the Settlement, the papers submitted in support of the Settlement, and the arguments of counsel, the Court finds the objections lack merit.  The absence of any meritorious objections further supports final approval of the Settlement.

8. Cory Hazdovac is appointed as Settlement Class Representative. The Settlement Class Representative has fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class;

9. Class Counsel is appointed as counsel representing the Settlement Class under Federal Rule of Civil Procedure 23(g). Class Counsel have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class;

10. EisnerAmper is appointed to serve as the Settlement Administrator, and it thus far has fulfilled its duties under the Settlement;

[PROPOSED] MODIFIED ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES

11.    Pursuant to Federal Rule of Civil Procedure 23(e), final approval of the Settlement is granted because the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members. Final approval is based on the following factors, which demonstrate that the Settlement meets the "higher standard of fairness" applicable to settlements reached before class certification. *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (citation omitted);

a.    Class Counsel and the Settlement Class Representative ably protected and furthered the best interests of the Class in this action.

b.    There is no indicia of fraud or collusion underlying this Settlement, and it was reached as a result of lengthy, hard-fought, informed arm's-length mediations conducted in good faith at various, critical stages of the litigation, and with the assistance of an experienced mediator. *See, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness). In addition to the involvement of the mediator, the Court has performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2).

c.    The Settlement provides meaningful relief to the Settlement Class given the range of reasonable possible results, especially since further litigation would likely be complex, expensive, lengthy, and risky.

d.    The Settlement provides substantial benefits to the Class in light of the strengths and weaknesses of the claims asserted. The Settlement is informed by extensive investigation, motion practice, and mediation efforts that allowed Plaintiff to make a thorough evaluation of the strengths and weaknesses of their claims, as well as the fairness, reasonableness, and adequacy of the Settlement.

e.    The Settlement's methods of processing claims and distributing benefits to Class Members are fair and adequate.

f.    The Settlement treats Class Members equitably relative to each other.

[PROPOSED] MODIFIED ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES

12. The Court further finds that the Settlement Agreement is in the best interests of all Class Members, taking into account the following factors that Courts in the Ninth Circuit use as guideposts when evaluating the fairness of a class action settlement: (1) the strength of the Plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining the finding of liability through appeals and other review; (4) the risks of establishing damages; (5) the amount offered in Settlement; (6) the extent of discovery completed and the stage of the proceedings; (7) the experience and view of counsel; (8) the reaction of the Class Members to the proposed Settlement and (9) the reasonableness of the relief provided by the Settlement Agreement in light of the best possible recovery. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Rodriguez*, 563 F.3d at 965. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties and all other persons seeking to comment on the proposed Settlement Agreement. The relatively low number of exclusion requests further supports approval of the Settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). The Court has independently evaluated the fairness of the Settlement based on the record before it. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

13. The Settlement benefits approved by the Court include, without limitation:

a. MBUSA's agreement on a go-forward basis to cover the costs of all parts and labor to replace a failed Subject Part for the earlier of seven years from the Class Vehicle's in-service date or 70,000 miles driven;

b. Reimbursement relief for Class Members who previously paid for repairs or diagnoses relating to failed Subject Parts entitled to coverage under the Settlement Agreement; and

[PROPOSED] MODIFIED ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES

c.    MBUSA's payment of Administration Expenses including Notice, as well as Court-approved Attorneys' Fees, Costs, and Expenses and Incentive Awards, separate and apart from the benefits provided directly to the Settlement Class.

14.    As to Class Counsel's application for attorneys' fees, expenses, and incentive awards, the Court hereby GRANTS Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Payments, ECF 129, the Court awards Attorneys' Fees, Costs, and Expenses in the amount of $2,812,500 to Class Counsel. The Court finds that this amount is fair and reasonable under the circumstances and consistent with the Settlement Agreement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011). The efforts of Plaintiff's Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class. Class Counsel has provided detailed declarations showing the lodestar incurred in this action. The Court finds the fee award is supported by Plaintiff's Counsel's lodestar. The Court finds that the hourly rates of Plaintiff's Counsel are reasonable, and that the hours expended were reasonable. The Court also finds that Plaintiff's Counsel represented their clients with skill and diligence and obtained an excellent result for the Class, taking into account the possible outcomes and risks of the litigation.

15.    In addition to any recovery that the Settlement Class Representative may receive under the Settlement, and in recognition of her efforts and risks taken on behalf of the Settlement Class, the Court hereby approves payment of an Incentive Award in the amount of $10,000 to Plaintiff Cory Hazdovac (this amount is included within the $2,812,500 awarded above for Attorney's Fees, Costs, and Expenses).  This enhanced amount is justified and approved based on the hours Plaintiff spent on the case and the personal hardships she endured as a result of this litigation.

16.    Upon the Effective Date, the Released Claims, as defined in the Settlement Agreement, shall be fully and finally released as against the Released Parties by Plaintiff and all Settlement Class Members who have not properly excluded themselves from the Settlement

6

[PROPOSED] MODIFIED ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES

Class. Accordingly, the Settlement shall terminate the Action. However, the release shall not include any claims related to the enforcement of the Settlement.

17. The Court has reviewed the list of individuals who have timely and validly requested exclusion from the Settlement, which is attached to the Declaration of Jordan Bakondy of EisnerAmper in Support of Final Approval (Exhibit E) (Dkt. 131-3) and orders that the individuals on Exhibit E to the Bakondy Declaration are excluded from the Settlement. All Class Members who have not timely and validly opted out are bound by this Final Approval Order and judgment and by the terms of the Settlement Agreement.

18. The Action, and all Released Claims asserted against the Released Parties, are settled and hereby dismissed with prejudice, without fees or costs except as expressly provided in the Settlement Agreement and this Order.

19. Execution of the Settlement shall proceed as set forth in the Settlement Agreement.

20. Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over the implementation, administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order and Judgment.

21. This document constitutes a final judgment and separate document for purposes of FRCP 58(a).

22. Having granted final approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elected to be excluded from the Class), shall commence, continue or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are released in the Agreement. Class Members who have not timely and validly excluded themselves from the Class are forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement against any Released Party, and any such Class Member is deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

7

[PROPOSED] MODIFIED ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES

23.    The Court finds, pursuant to FRCP 54(a), that this Final Judgment should be entered and that there is no just reason for delay in entry of this Final Judgment as to Plaintiff, the Settlement Class Members and MBUSA.  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.  The Parties and the Settlement Administrator are hereby directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement so long as they are: (i) consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of the Class.

24.    In the event the Effective Date does not occur, this Final Approval Order and Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated. In such event, as provided in the Settlement Agreement, the Settling Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-settlement claims and defenses will be preserved, and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose.

25.    The Parties shall file a post-distribution accounting in accordance with the Northern District's Procedural Guidance for Class Action Settlements within 21 days after the substantial completion of the claims process ("Post-Distribution Accounting"). The Parties may request a continuance of the deadline for the Post-Distribution Accounting if the information required as part of the accounting is not yet available.

**IT IS SO ORDERED**

DATE: June 25, 2026

_____
HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

[PROPOSED] MODIFIED ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE FEES